UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

5LINX HOLDINGS, INC. d/b/a 5LINX,

                                      Plaintiff,                1:22-cv-1243 (BKS/CFH)

v.

TUPAC DERENONCOURT and WINDOW OF
WEALTH, LLC a/k/a "WOW",

                                      Defendants.

---

**Appearances:**[1]

*For Defendants:*
Peter J. Glennon
The Glennon Law Firm, P.C.
160 Linden Oaks Drive
Rochester, NY 14625

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## ORDER TO SHOW CAUSE

Defendants Tupac Derenoncourt and Window of Wealth, LLC removed this action from New York State Supreme Court, Ulster County, asserting that this Court has subject-matter jurisdiction over Plaintiff's state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332],

---

[1] No one has appeared in this action on behalf of Plaintiff.

there must be complete diversity" between plaintiffs and defendants (internal quotation marks omitted)).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). A party seeking to remove a case to federal court based on diversity of citizenship has the burden of proving that diversity exists. *See CenterMark*, 30 F.3d at 301 ("Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (stating that "the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was sought to federal court").

The notice of removal asserts that the jurisdictional amount is met here and that "the parties have complete diversity." (Dkt. No. 1, ¶ 6). According to the notice of removal, "Plaintiff is a citizen of the State of New York" and its principal place of business is in Rochester, New York; Defendant Tupac Derenoncourt is "a citizen of the State of Maryland." (*Id.* ¶ 5). With respect to Defendant Window of Wealth, LLC, however, the notice of removal states only that Defendant Window of Wealth is "not a domestic LLC authorized and existing under the laws of the state of New York, rather it is a foreign LLC." (*Id.* ¶ 5).

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky"). As the notice of removal does not set forth any allegations as to Window of Wealth's membership, the allegations are insufficient to show that there is complete diversity of citizenship among the parties.  *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership"); *see also Dumann Realty, LLC v. Faust*, No. 09-cv-7651, 2013 WL 30672, at *2, 2013 U.S. Dist. LEXIS 1127, at *7 (S.D.N.Y. Jan. 3, 2013) ("The question of whose citizenship constitutes part of the LLC's citizenship is ultimately governed by the law of the state of incorporation.").

Accordingly, it is

**ORDERED** that Defendants Tupac Derenoncourt and Window of Wealth, LLC (the "Removing Defendants") shall file a memorandum, not to exceed fifteen pages, by February 17, 2023, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that if the Removing Defendants maintain that there is complete diversity between the parties, they shall submit supporting evidence, including affidavits identifying the citizenship of each member of Window of Wealth, LLC; and it is further

**ORDERED** that Plaintiff may respond to the Removing Defendants' submission, with a memorandum not to exceed fifteen pages, on or before March 3, 2023.

**IT IS SO ORDERED.**

Dated: January 30, 2023
Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge